IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR A. GOLDBAUM,

       Plaintiff,               No. CIV S-07-2314 LKK DAD P

    vs.

CITY OF WEST SACRAMENTO
POLICE DEPARTMENT, et al.,

       Defendants.       <u>ORDER</u>

_____/

       Plaintiff is an inmate at Yolo County Jail and is proceeding pro se with a civil

rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  This proceeding was

referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28

U.S.C. § 636(b)(1).

       Plaintiff's complaint appears to state a cognizable claim for relief pursuant to 42

U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to defendant officer Erik Thruelsen.  Plaintiff claims

that defendant Thruelsen used excessive force in carrying out plaintiff's arrest.  If the allegations

of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

action.  The court finds, however, that plaintiff has not stated a cognizable claim for relief as to

defendants Assistant City Manager Carol Richardson and Yolo County General Claims Adjuster

1

1   Robert Martin.  Plaintiff alleges that during his arrest, defendant Thruelsen slammed plaintiff

2   into a car which caused two dents.  Sheila Mason, the owner of the car, filed a claim for the

3   damage to her car but the claim was rejected by defendants Richardson and Martin.  The Civil

4   Rights Act under which this action was filed provides as follows:

5               Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
6               deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
7               law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Here, plaintiff has not

15  alleged facts demonstrating that defendants Richardson and Martin deprived plaintiff of his

16  constitutional rights.  Therefore, the court will not order service on these defendants.

17              The Clerk of the Court will be directed to issue a summons to plaintiff for

18  purposes of service of process.  See Federal Rule of Civil Procedure 4.  Plaintiff shall complete

19  service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from

20  the date of this order.[1]  Plaintiff shall serve a copy of this order on defendant together with a

21  summons and a copy of the complaint.  Within 120 days from the date of this order, plaintiff and

22  defendant shall each submit to the court and serve the following status report:

23  /////

24  /////

25  _____

26      [1] Plaintiff is cautioned that this action may be dismissed if service of process is not
    accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

2

1. Whether this matter is ready for trial and, if not, why not;

2. Whether additional discovery is deemed necessary.  If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

3. Whether a pretrial motion is contemplated.  If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 78-230(m);

4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5. A list of all exhibits to be offered into evidence at the trial of the case;

6. A list of the names and addresses of all witnesses the party intends to call;

7. A summary of the anticipated testimony of any witnesses who are presently incarcerated;

8. The time estimated for trial;

9. Whether either party still requests trial by jury; and

10. Any other matter, not covered above, which the party desires to call to the attention of the court.

In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party choosing to consent may complete the form and return it to the clerk of this court.  Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  The Clerk of the Court is directed to issue and send plaintiff one summons, for

3   defendant police officer Erik Thruelsen.  The Clerk shall also send plaintiff two copies of the

4   form "Consent to Proceed Before United States Magistrate Judge" with this order.

5        2.  Plaintiff shall complete service of process on the defendant within sixty days

6   from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

7   "Consent to Proceed Before United States Magistrate Judge" on defendant at the time the

8   summons and complaint are served.

9        3.  Defendant shall respond to the complaint within the time provided by the

10  applicable provisions of Fed. R. Civ. P. 12(a).

11       4.  Plaintiff's status report shall be filed within ninety days from the date of this

12  order.  Defendant's status report shall be filed within thirty days thereafter.  The parties are

13  advised that failure to file a status report in accordance with this order may result in the

14  imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

15       5.  Unless otherwise ordered, all motions to dismiss, motions for summary

16  judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

17  and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

18  be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

19  deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

20  as directed by the court.

21       6.  If plaintiff is released from jail or prison at any time during the pendency of

22  this case, any party may request application of other provisions of Local Rule 78-230 in lieu of

23  Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of

24  Local Rule 78-230(m) will govern all motions described in #5 above regardless of plaintiff's

25  custodial status.  See Local Rule 1-102(d).

26  /////

4

1          7.  Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

2   plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

3   exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

4   the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

5   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

6   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

7   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

8   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

9   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

10  the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

11  and file one or more affidavits or declarations by other persons who have personal knowledge of

12  relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

13  records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

14  with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

15  submit matters outside the pleadings, the court may look beyond the pleadings and decide

16  disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

17  court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

18  defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

19  unexhausted claims will be dismissed without prejudice.

20          8.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

21  <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

22  plaintiff is advised of the following requirements for opposing a motion for summary judgment

23  made by defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

24  is a request for an order for judgment in favor of defendant without trial.  A defendant's motion

25  for summary judgment will set forth the facts that the defendant contends are not reasonably

26  subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary

1  judgment, plaintiff must show proof of his claim.  Plaintiff may do this in one or more of the

2  following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

3  complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

4  plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

5  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

6  plaintiff believes prove plaintiff's claim; the person who signs an affidavit or declaration must

7  have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff

8  must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any

9  part of the transcript of one or more depositions, answers to interrogatories, or admissions

10  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

11  counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the

12  truth and the defendant's motion for summary judgment granted.  If there is some good reason

13  why such facts are not available to plaintiff when required to oppose a motion for summary

14  judgment, the court will consider a request to postpone considering the defendant's motion.  If

15  plaintiff does not serve and file a written opposition to the motion or a request to postpone

16  consideration of the motion, the court may consider the failure to act as a waiver of opposition to

17  the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or

18  unopposed, is granted, judgment will be entered for the defendant without a trial and the case

19  will be closed.

20          9.  A motion or opposition supported by unsigned affidavits or declarations will

21  be stricken.

22          10.  Each party shall keep the court informed of a current address at all times

23  while the action is pending.  Any change of address must be reported promptly to the court in a

24  separate document captioned for this case and entitled "Notice of Change of Address."  A notice

25  of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),

26  service of documents at the record address of a party is fully effective.  Failure to inform the

6

1  court of a change of address may result in the imposition of sanctions including dismissal of the

2  action.

3               11.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

4  Court.

5               12.  The failure of any party to comply with this order, the Federal Rules of Civil

6  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

7  not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

8  DATED: November 7, 2007.

10                                    _Dale A. Drozd_

11                             DALE A. DROZD
                                UNITED STATES MAGISTRATE JUDGE

12  DAD:4
      gold2314.8fee

7